IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REBECCA L. WORTHY
[DOB: 10/07/1977],
d/b/a JOVEE LLC,

    Defendant.

No. 23-3139-01-CR-S-MDH

**COUNT 1:**
18 U.S.C. §§ 2320(a) and 2
(Trafficking in Counterfeit Goods)
NMT 10 Years Imprisonment
NMT $2,000,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**FORFEITURE ALLEGATION:**
18 U.S.C. §§ 982(a)(1) and 2323

Mandatory Restitution;
$100 Special Assessment

# INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to the Information:

### Introduction and Background

1. The defendant, **REBECCA L. WORTHY**, resided in Stone County, Missouri, a location in the Western District of Missouri.

2. Individual-1 resided in Christian County, Missouri, a location in the Western District of Missouri.

3. Individual-1 was the organizer, owner, and manager of JOVEE LLC, a Missouri limited liability company, charter number LC1762903, originally registered with the Missouri Secretary of State's Office on February 11, 2021. The defendant was listed as the registered agent for the company and assisted with the operation of the company. JOVEE LLC operated as an online wholesale business at Individual-1's residence, selling to boutique stores.

4. United States Immigration and Customs Enforcement ("ICE"), as a component of the United States Department of Homeland Security, is charged with, among other things, the inspection of goods shipped into and from the United States, as well as the collection of tariffs, taxes or duties applicable to certain imported or exported goods.

5. The United States Patent and Trademark Office ("USPTO") is an agency of the United States Department of Commerce that is responsible for granting patents and registering trademarks in the United States. A trademark is a word, phrase, symbol, or design (or combination thereof) that is used to identify goods or services, and which helps customers distinguish among those goods and services in the marketplace. By registering trademarks, the USPTO aids businesses in protecting investments in their brand, and safeguards consumers against confusion, mistake, or deception in the marketplace.

6. The USPTO reviews trademark applications to determine if a trademark meets the requirements to be registered. If approved for registration, the USPTO issues a certificate for the trademark containing a unique registration number that can be used to identify the trademark.

7. Louis Vuitton Malletier ("Louis Vuitton") was a Société par actions simplifiée ("SAS") organized under the laws of France, having a principal place of business in Paris, France. Louis Vuitton owned the company's trademarks in the United States. Louis Vuitton, among other items, manufactures and distributes purses, leather goods, jewelry, including bracelets, and hair ties under a mark registered on the principal register in the USPTO. Louis Vuitton owned the following trademarks:

    a. USPTO Registration No. 0297594 – "LV" Word Mark and Design;

    b. USPTO Registration No. 1990760 – "Louis Vuitton" Word Mark; and

    c. USPTO Registration No. 2361695 – "LV" Word Mark.

8. From an unknown date, but at least as early as April 2022, and continuing through at least December 2022, the defendant and Individual-1, through JOVEE LLC and its online store, sold various counterfeit Louis Vuitton bracelets, hair ties, and other products to consumers from Individual-1's residence in Christian County, Missouri. The defendant and Individual-1 did so to generate income or financial gain by successfully importing into the United States and selling such counterfeit goods. These counterfeit consumer goods and apparel were typically manufactured in Hong Kong and China and were shipped to the United States for distribution. The defendant and Individual-1 would then act as distributors of the counterfeit consumer goods. The defendant and Individual-1 would utilize wire communications to communicate with consumers and potential consumers about such counterfeit goods and utilize electronic wire transfers to receive payment for the sale of counterfeit goods.

## The Acts

9. In or around April 2022, the defendant and Individual-1 ordered 200 Louis Vuitton-branded, counterfeit bracelets from Hong Kong.

10. In or around early May 2022, the defendant and Individual-1 received notice from ICE regarding the seizure of counterfeit goods being shipped to them from Hong Kong in April 2022. Individual-1 completed an "Election of Proceedings" form regarding the seized property, which stated that Individual-1 abandoned the property.

11. After Individual-1 sent the completed "Election of Proceedings" form to ICE, the defendant and Individual-1 removed certain goods from their website.

12. On or about May 26, 2022, the defendant and Individual-1 sold three Louis Vuitton-branded, counterfeit hair ties to an individual working in an undercover capacity in association with ICE.

13. On or about November 7, 2022, the defendant and Individual-1 communicated with an individual working in an undercover capacity in association with ICE, regarding the availability of Louis Vuitton-branded hair ties. The defendant and Individual-1 stated they had removed these hair ties from their website but stated they were still available for sale.

14. On or about November 9, 2022, the defendant and Individual-1 sold one Louis Vuitton-branded, counterfeit hair tie to an individual working in an undercover capacity in association with ICE.

15. From on or about May 4, 2022, and continuing to November 14, 2022, a total of 78 shipments were delivered from China or Hong Kong to the defendant and Individual-1. Many of these shipments contained material and goods that had the brand, trademark, and logo that made it appear that the legitimate holder of the trademark had manufactured the material.

## COUNT 1
(18 U.S.C. §§ 2320(a) and 2)

16. The allegations set forth in paragraphs 1 through 15 are re-alleged and incorporated by reference as if set forth in full herein.

17. In or around April 2022, in Christian and Stone Counties, in the Western District of Missouri, and elsewhere, the defendant did intentionally traffic and attempt to traffic in goods and knowingly used a counterfeit mark on and in connection with such goods, and intentionally traffic and attempt to traffic in labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature, to wit: 200 Louis Vuitton-branded bracelets, knowing that a counterfeit mark had been applied thereto, the use of which was likely to cause confusion, to cause mistake, and to deceive, in violation of Title 18, United States Code, Sections 2320(a) and 2.

## FORFEITURE ALLEGATION

18. The allegations set forth in paragraphs 1 through 17 and the charge set out in this Information are hereby re-alleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 2323, and Title 28, United States Code, Section 2461.

19. Pursuant to Title 18, United States Code, Section 2323, upon conviction of an offense in violation of Title 18, United States Code, Section 2320, as set forth in Count 1, the defendant, **REBECCA L. WORTHY**, shall forfeit to the United States of America:

    a. Any property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense; and

    b. Any property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense, including but not limited to:

    c. Approximately $70,770 in United States currency, and all interest and proceeds traceable thereto, and a money judgment therefore, representing the proceeds obtained by the defendant, **REBECCA L. WORTHY**, in that the sum in aggregate, constitutes or is derived from proceeds traceable to the offense set forth above.

### Substitute Assets

20. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; and/or

5

Case 6:23-cr-03139-MDH   Document 2   Filed 12/14/23   Page 5 of 6

e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant not less than the value of the property described in paragraph 19.c. above, or elsewhere, as being subject to forfeiture.

Respectfully submitted,

TERESA A. MOORE
United States Attorney

/s/ Casey Clark

CASEY CLARK
Assistant United States Attorney

DATED: 12/14/23
Springfield, Missouri